UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN THOMAS RAINEY,<br><br>                  Petitioner,<br><br>v.<br><br>TIM WENGLER, Idaho Correctional Center,<br><br>                  Respondent. | Case No. 1:12-cv-00418-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner John Thomas Rainey's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Partial Summary Dismissal. (Dkt. 18.) Petitioner has filed a response to the Motion. (Dkt. 20.) Respondent chose not to file a reply. The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on October 22, 2013. (Dkt. 17.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting in part and denying without prejudice in part Respondent's Motion for Partial Summary Dismissal.

**MEMORANDUM DECISION AND ORDER  1**

1.  **Background**

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Rainey*, Docket No. 35774, Op. 557 (Idaho Ct. App. July 22, 2010) (unpublished), which is contained in the record at State's Lodging B-4.

Petitioner was initially charged in the Fourth Judicial District in Ada County, Idaho, with rape, in violation of Idaho Code § 18-6101. (State's Lodging B-4 at 2.) Pursuant to a plea agreement in which the prosecution agreed to an amended charge—the lesser offense of sexual battery of a minor child who is 16 or 17 years of age, under Idaho Code § 18-1508A(1)(a)—Petitioner entered an *Alford* plea.[1] (*Id.*) Petitioner claimed that he could not remember the incident in which he sexually assaulted his girlfriend's daughter because he was sleepwalking while he committed the crime. (*Id.*) The trial court accepted the *Alford* plea and sentenced Petitioner to unified term of life imprisonment with 25 years fixed. Petitioner appealed his sentence. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-4; B-6.)

Petitioner then filed a petition for state postconviction relief, asserting three claims: (1) that he was denied his Fifth Amendment right against self-incrimination, (2) that he was denied due process, and (3) that he received ineffective assistance of counsel

---

[1] An *Alford* plea is the equivalent of a guilty plea, the only difference being that the defendant is not required to expressly admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

**MEMORANDUM DECISION AND ORDER 2**

in violation of the Sixth Amendment. (State's Lodging C-1 at 3-7.) Petitioner also requested the appointment of counsel in the postconviction proceedings. The state district court denied Petitioner's request for counsel and, after notifying Petitioner of its intent to dismiss and allowing Petitioner an opportunity to respond, dismissed the petition. (State's Lodging C-1 at 22-37, 39-57, 68-86.)

Petitioner appealed the trial court's denial of his postconviction petition and was denied the appointment of counsel on appeal. Petitioner later wrote a letter to the Idaho Supreme Court requesting that the court "negate [his] post-conviction appeal." (State's Lodging C-1 at 89-91; D-1.) The state supreme court construed the letter as a motion to dismiss or to withdraw Petitioner's appeal and granted the motion. (State's Lodging D-1; D-2.)

Petitioner later filed a successive petition for state postconviction relief asserting the following claims: (a) Petitioner was denied his Sixth Amendment rights when "the district court in the first petition for post-conviction[] denied petitioner the right to counsel to assist, research and address issues in his first post-conviction relief petition"; (b) Petitioner was denied his Eighth Amendment right to be free from cruel and unusual punishment because he pleaded guilty to avoid a harsh sentence and because sexual battery carried a maximum of 15 years in prison[2]; (c) the trial court and jail would not

---

[2] Petitioner's argument regarding the statutory maximum punishment was incorrect. Petitioner relied on Idaho Code § 18-912, which denotes the crime of battery with intent to commit a serious felony. Petitioner, however, was convicted of sexual battery of a minor under Idaho Code § 18-1508A(1)(a), which does carry a maximum sentence of life imprisonment.

**MEMORANDUM DECISION AND ORDER  3**

"allow a separate prognosis" or an independent evaluation with respect to Petitioner's alleged somnambulism; (d) the sentencing court "went against recommendations" of the presentence investigation by sentencing Petitioner to incarceration; (e) Petitioner lacked the intent to commit the crime because he was sleepwalking; (f) Petitioner was denied appointed counsel during initial postconviction proceedings, including his postconviction appeal; (g) the Idaho Supreme Court improperly dismissed Petitioner's postconviction appeal because he "could not raise funds for appeal"; and (h) Petitioner's trial counsel rendered ineffective assistance. (State's Lodging E-1 at 4-12.) Petitioner also filed a motion for appointment of counsel, which the state district court denied. (*Id*. at 34-41.)

The trial court entered an order conditionally dismissing Petitioner's successive postconviction petition, and Petitioner attempted to appeal. (*Id*. at 44-51, 52-55.) The appeal was dismissed as premature because the trial court had not issued a final judgment at the time the appeal was filed. (State's Lodging F-2.) Because the trial court had since issued such a judgment, the Idaho Supreme Court stated that Petitioner could file a new notice of appeal from that judgment. (*Id*.) Though Petitioner did so, the court apparently overlooked it and dismissed the appeal. (State's Lodging F-3.)

Ultimately, however, Petitioner's appeal was later heard under a different docket number. (State's Lodging G-1 through G-7.) The Idaho Court of Appeals discussed the standards required for a petitioner to file a successive postconviction petition, citing Idaho Code § 19-4908, which prohibits a successive petition unless "the court finds a ground for

**MEMORANDUM DECISION AND ORDER 4**

relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition." (State's Lodging G-4 at 3.)

The court rejected Petitioner's claim that he was improperly denied the appointment of counsel during his initial postconviction proceedings, holding that this claim should have been brought on appeal from the denial of his initial postconviction petition. (*Id*. at 4.) With respect to the remaining claims, the court held:

> The remainder of [Petitioner's] claims amount to repetitions of the claims from his previous petition for post-conviction relief. They do not set out any grounds for substantive relief from his sentence. To the extent that any of his claims can be construed as new, he has not explained why those claims were not made in his previous petition and, therefore, they are also procedurally barred.

(*Id*.) Thus, the court of appeals affirmed the state district court's dismissal of the petition on the merits as not setting forth any grounds for substantive relief and, alternatively, as procedurally barred under § 19-4908 because Petitioner had not shown sufficient reason why the claims were not adequately presented in his initial postconviction petition.

Petitioner asserts four claims in his federal Petition. Claim 1 asserts that Petitioner was denied his Sixth Amendment right to the assistance of counsel when the trial court denied his request for appointed counsel during initial postconviction proceedings. Claim 2 (which is not subject to Respondent's Motion for Partial Summary Dismissal) alleges an excessive sentence in violation of the Eighth Amendment. Claim 3 alleges that Petitioner was denied due process because (a) the trial court and jail would not allow Petitioner a

**MEMORANDUM DECISION AND ORDER  5**

"separate prognosis" regarding Petitioner's alleged somnambulism, (b) the trial court allegedly showed racial bias when it "went against recommendations" of the presentence report, (c) the trial court denied Petitioner appointed counsel in his postconviction appeals, and (d) Petitioner was coerced into pleading guilty. (Dkt. 3 at 6-8.) Claim 4 alleges violations of Petitioner's Fifth Amendment right to be free from compelled self-incrimination. (*Id*. at 9.)

Respondent's Motion seeks dismissal of Claims 1, 3, and 4 of the Petition as procedurally defaulted. Respondent also argues that Claims 1 and 3(c) are non-cognizable.

2. **Standard of Law Governing Summary Dismissal**

Rule 4 of the Habeas Rules authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also deny a habeas petition on the merits even if it otherwise procedurally barred. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

3. **Discussion**

   A. *Claims 1 and 3(c) Are Not Cognizable on Federal Habeas Corpus Review*

In Claims 1 and 3(c), Petitioner argues that the Idaho courts denied him his Sixth

Amendment right to counsel by failing to appoint him counsel during his initial postconviction proceedings. (Dkt. 3 at 6.) However, there is no constitutional right to counsel during postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) (holding that there is no constitutional right to counsel during state habeas proceedings even if those proceedings were the first forum in which a defendant could challenge the constitutional competence of counsel).

Petitioner argues that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), established that petitioners have a Sixth Amendment right to counsel during collateral attacks on their convictions. Petitioner is incorrect. The Supreme Court in *Martinez* created an equitable exception to the general rule that errors of postconviction counsel cannot serve as cause to excuse a procedural default, holding that ineffective assistance of counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. However, the Court did not disturb the longstanding rule that the Sixth Amendment right to counsel does not apply in collateral proceedings. *Id.*

For these reasons, Claims 1 and 3(c) must be dismissed.

**MEMORANDUM DECISION AND ORDER 7**

B.  *The Remainder of Respondent's Motion Will Be Denied Without Prejudice*

Respondent also argues that the remainder of Claim 3 and Claim 4 are procedurally defaulted and thus cannot be heard on the merits. The Court will exercise its discretion at this time to defer its consideration of the procedural default issue.

The United States Supreme Court has held that federal courts are not required to address a procedural default issue before deciding other potentially dispositive issues surrounding the merits of a habeas case. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). Rather, where the question of procedural default presents a complicated question law and is unnecessary to the disposition of the case, a court may proceed to the merits. *Id.*; *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003); *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

In Petitioner's case, the Idaho Court of Appeals not only held that Petitioner's successive petition was procedurally barred, but it also denied the petition on the merits, holding that the petition did "not set out any grounds for substantive relief." (State's Lodging G-4 at 4.) Therefore, rather than address complicated procedural default questions such as the application of *Martinez v. Ryan* or other grounds for excusing any procedural default, the Court will proceed to consider Petitioner's claims on the merits pursuant to 28 U.S.C. § 2254(d). If Petitioner's claims are not denied on the merits, then

**MEMORANDUM DECISION AND ORDER  8**

the Court will consider Respondent's procedural default argument.

This is the most efficient way to address Petitioner's remaining claims, given the recent changes in and complexity of the doctrine of cause and prejudice, which allows a federal court in certain circumstances to consider the merits of claims even if those claims are procedurally defaulted. *See Martinez*, 132 S. Ct. 1309; *Murray v. Carrier*, 477 U.S. 478 (1986); *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014); *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) (en banc). Further, the Supreme Court has signaled that the merits of non-defaulted claims should be considered before deciding claims replete with difficult procedural hurdles. *See, i.e., Dretke v. Haley*, 541 U.S. 386, 393-94 (2004) ("[A] federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must *first* address all non-defaulted claims for comparable relief and other grounds for cause to excuse the procedural default.") (emphasis added).

For these reasons, the Court will deny without prejudice Respondent's Motion as to Claims 3(a), (b), and (d), as well as to Claim 4.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 18) is GRANTED in part and DENIED without prejudice in part.

2. Claims 1 and 3(c) of the Petition are DISMISSED with prejudice as non-cognizable.

3. Respondent shall file an answer to the remaining claims **within 90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claims (other than procedural default, which will be addressed, if necessary, at a later date).

4. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a decision on the merits.

5. This Order does not prohibit Respondent from later filing a new motion for summary dismissal addressing procedural default if the Court does not deny Petitioner's remaining claims on the merits.

DATED: **October 17, 2014**

Honorable Ronald E. Bush
U. S. Magistrate Judge